IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARRON P. JOHNSON,

        Plaintiff,                    No. 2:10-cv-2578 EFB

      vs.

MICHAEL J. ASTRUE,              <u>ORDER</u>
Commissioner of Social Security,

        Defendant.
_____/

        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $10,267.00, which totals 25 percent of past benefits due to plaintiff.[1] Dckt. No. 25. Plaintiff entered into Retainer and Contingent Fee Agreement with plaintiff's counsel which states that he would pay plaintiff's counsel 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses. Dckt. No. 27, Ex. 1. Plaintiff's counsel spent 20.8 hours on plaintiff's case. Dckt. No. 25-3.

////

////

////

---

[1] Defendant takes no position on the reasonableness of plaintiff's counsel's request. *See* Dckt. No. 26.

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). "[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037-38 (discussing post *Gisbrecht* cases in which district courts have awarded attorney's fees pursuant to § 406(b) with *de facto* hourly rates ranging from $187.55 to $694.44, and awarding fees with *de facto* hourly rate of $450.00). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff to be disabled, he was awarded past-due benefits in the amount of $41,068.70. Dckt. No. 25-2. Plaintiff's counsel's request for 25 percent of that amount, or $10,267.00, would constitute an hourly rate of $493.61, based on the 20.8 hours

////

////

////

2

plaintiff's counsel spent on the case.[2]  Based on the quality of counsel's representation and his significant experience in the field of Social Security law, the court finds the rate to be reasonable.  Further, given the results achieved, the court finds the amount of hours expended to be reasonable.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $10,267.00 in attorney fees pursuant to 28 U.S.C. § 406.

DATED: November 28, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's counsel pursued, and was awarded, fees under EAJA in the amount of $3,300.  Dckt. No. 24.  Ordinarily, the EAJA award offsets any attorney's fee received pursuant to a contingency fee agreement.  *See Gisbrecht*, 535 U.S. at 796 (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).  Although attorney's fees were awarded under EAJA, these fees were withheld by the Department of Treasury to offset plaintiff's past-due child support payments.  *See* Dckt. No. 25-4.  Because counsel did not receive any fees under EAJA, the court does not order repayment of such fees to plaintiff.